UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

GOULD PAPER CORPORATION,

                Plaintiff,

    vs.

ESSENDANT CO.,

                Defendant.

Case No. 1:26-cv-8903

## COMPLAINT

Gould Paper Corporation ("Gould" or "Plaintiff") files this Complaint against defendant Essendant Co. ("Essendant" or "Defendant") seeking damages, and in support thereof, alleges as follows:

## PRELIMINARY STATEMENT

1.      Gould is owed not less than $93,798.40 (the total value of the Unpaid Invoices as more fully described below) plus default interest, costs and attorneys' fees for Products that Defendant ordered and received from Gould. Gould is seeking a judgment against Defendant for such amounts in this action.

## PARTIES

2.      Plaintiff Gould is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. For purposes of diversity jurisdiction, Gould is therefore a citizen of the State of New York.

3.      Defendant Essendant is a corporation organized under the laws of the State of Illinois with its principal place of business in Lincolnshire, Illinois, and whose registered agent is

40255012v1

listed as Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. For purposes of diversity jurisdiction, Essendant is therefore a citizen of the State of Illinois.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

5.      This Court has personal jurisdiction over Defendant.

6.      Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391, which makes a corporate defendant subject to suit in any District in which it is subject to personal jurisdiction.

## GENERAL ALLEGATIONS

7.      Plaintiff, doing business as OVOL USA, is a leading distributor of paper products.

8.      Between August and September, 2025, Defendant ordered from Gould various goods (the "Products").

9.      Pursuant to Defendant's orders, Gould sold and delivered to Defendant the Products ordered by Defendant, and Defendant accepted delivery of the Products. A statement of account (the "Statement of Account") listing the unpaid invoices (the "Unpaid Invoices") and related purchase orders evidencing the transactions and outstanding principal balances at issue is attached hereto and incorporated herein as **Exhibit A**.

10.     All of the Unpaid Invoices came due in September or October, 2025.

11.     After Defendant failed to pay the Unpaid Invoices as well as other invoices when due, Gould and the Defendant entered into a Settlement and Payment Agreement (the "Payment Plan Agreement"), which provided Defendant with a payment plan for the Unpaid Invoices.

2

12. Essendant failed to make all payments under the Payment Plan Agreement as agreed, defaulted under the Payment Plan Agreement by failing to pay the installment payment due on July 2, 2026 within ten (10) days of written notice, and Gould has elected to commence this action to recover the entire outstanding balances owed under the Unpaid Invoices.

13. The failure of Defendant to pay for the Products that it ordered and received from Gould constitutes a breach of the parties' agreements relating to the sale of Products by Gould to Defendant, and Defendant is justly indebted to Gould in the principal amount of $93,798.40, plus default interest, costs and attorneys' fees.

14. All conditions precedent to Gould's recovery have occurred or been waived.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Gould repeats and re-alleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16. Defendant ordered the Products from Gould by way of purchase orders at an agreed price.

17. Defendant received and accepted the Products identified in the Unpaid Invoices and has failed to pay the price of the Products.

18. The agreements between Gould and Defendant are valid, legally enforceable contracts.

19. As a result of Defendant's failure to pay, it has materially breached the parties' contracts, and Gould is entitled to recover from Defendant the price of the Products, $93,798.40, plus default interest, plus special, consequential, indirect or incidental damages resulting from the breach.

20.     At all times material to this Complaint, Gould performed its obligations under the parties' agreements.

21.     Despite demand made by Gould, Defendant has materially breached the parties' agreements by failing to pay to Gould the amounts owed to Gould pursuant to the Payment Plan Agreement and Unpaid Invoices listed on Exhibit A in the amount of $93,798.40.

22.     Pursuant to the parties' agreements, Gould is entitled to recover from Defendant interest on each of the Unpaid Invoices at the per annum rate of 18% (1.5% per month) until paid, which continues to accrue.

23.     In addition, as a result of Defendant's breach of contract set forth above, and pursuant to the parties' agreements, Gould is further entitled to recover from Defendant its costs and reasonable attorneys' fees.

**WHEREFORE**, as to this first cause of action, Gould respectfully requests that the Court enter Judgment as follows:

A.     That Gould have and recover judgment and damages against Defendant in an amount to be proven at trial, but not less than $93,798.40 (the total value of the Unpaid Invoices) plus interest at the contract rate of 18% per annum from the date(s) of default by Defendant in failing to pay Gould's Unpaid Invoices, and pre- and post-judgment interest at the maximum rate permitted by law;

B.     That the Court award all costs associated with this action to Gould including Gould's reasonable attorneys' fees against Defendant; and

C.     That the Court grant Gould such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

4

40255012v1

## SECOND CAUSE OF ACTION
### (Account Stated)

24. Gould repeats and re-alleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

25. Gould sent and Defendant received all Unpaid Invoices stating the amounts Defendant owes Gould for the Products supplied to Defendant.

26. Defendant never contacted Gould, orally or in writing, to object to the amount(s) shown to be due and owing on the Unpaid Invoices.

27. Accordingly, an account stated was established for at least $93,798.40.

**WHEREFORE**, as to this second cause of action, Gould respectfully requests that the Court enter Judgment as follows:

A. That Gould have and recover judgment and damages against Defendant in an amount to be proven at trial, but not less than $93,798.40, plus interest at the rate of 18% per annum from the date(s) of default by Defendant in failing to pay Gould's Unpaid Invoices, and pre- and post-judgment interest at the maximum rate permitted by law;

B. That the Court award all costs associated with this action to Gould including Gould's reasonable attorneys' fees against Defendant; and

C. That the Court grant Gould such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

## THIRD CAUSE OF ACTION
### (Quantum Meruit)

28. Gould repeats and re-alleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

29. This Count is pled in the alternative to Count I.

5

30. By producing and delivering Products to Defendant at its request, Gould conferred a benefit upon Defendant.

31. Defendant ordered and voluntarily accepted and retained the Products furnished by Gould with knowledge or reason to know that Gould expected to be paid.

32. During and since the Products were furnished by Gould, Defendant has failed to pay Gould in full for the Products, and the circumstances are such that a reasonable party would expect to pay for the benefit Gould conferred on Defendant.

**WHEREFORE**, as to this third cause of action, Gould respectfully requests that the Court enter Judgment as follows:

A. That Gould have and recover judgment and damages against Defendant, in an amount to be proven at trial, but not less than $93,798.40 (the total value of the Unpaid Invoices), plus pre- and post-judgment interest at the maximum rate permitted by law;

B. That the Court award all costs associated with this action to Gould including Gould's reasonable attorneys' fees against Defendant; and

C. That the Court grant Gould such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

33. Gould repeats and re-alleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

34. This Count is pled in the alternative to Count I.

35. By producing and delivering Products to Defendant at its request, Gould conferred a benefit upon Defendant.

6

40255012v1

36. Defendant ordered, voluntarily accepted, and unjustly retained the Products furnished by Gould with knowledge or reason to know that Gould expected to be paid.

37. During and since the Products were furnished by Gould, Defendant has failed to pay Gould for the Products, and the circumstances are such that it would be inequitable for Defendant to retain the benefit conferred without paying Gould the value of that benefit. Defendant's retention of the benefit conferred violates the fundamental principles of justice, equity, and good conscience.

38. As a result of Defendant's failure to pay Gould in full for the goods furnished by Gould, Defendant has become unjustly enriched in the amount of at least the $93,798.40 value of the Products.

**WHEREFORE**, as to this fourth cause of action, Gould respectfully requests that the Court enter Judgment as follows:

A. That Gould have and recover judgment and damages against Defendant, in an amount to be proven at trial, but not less than $93,798.40 (the total value of the Unpaid Invoices), plus pre- and post-judgment interest at the maximum rate permitted by law;

B. That the Court award all costs associated with this action to Gould including Gould's reasonable attorneys' fees against Defendant; and

C. That the Court grant Gould such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

Dated:  July 27, 2026         Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP

*/s/Gregory H. Wagoner*
Gregory H. Wagoner (IL Bar No. 6276111)
1000 Jackson Street
Toledo, Ohio 43604
Telephone:  (419) 241-9000
Fax:  (419) 241-9000
E-mail:  gwagoner@shumaker.com

David H. Conaway (NC Bar #10648)
*Pending Admission Pro Hac Vice*
Ronald D.P. Bruckmann (NC Bar #53693)
*Pending Admission Pro Hac Vice*
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
dconaway@shumaker.com
rbruckmann@shumaker.com

*Attorneys for Gould Paper Corporation*

8

40255012v1